Graham, Judge,
delivered the opinion of the court:
This case involves the question of the allowance of amortization of war facilities as a deduction against gross income under section 234 (a) (8)[1] of the revenue act of 1918, 40 Stat. 1057, 1077.
*652 There is no dispute about the amount of amortization allowable to the plaintiff under the facts. The amount allowed was as follows:
1918_$251,725.72
1919_ 2, 681.47
The net taxable income of the Racine Auto Tire Company for the year 1918 as adjusted without the benefit of the amortization deduction was $160,281.76. This income, as will be seen, was entirely extinguished by applying against it the losses previously allowed in the sum of $251,725.72 on account of amortization' of war facilities, thus leaving after the application of the net taxable income for the year 1918 an excess of loss allowed on account of amortization of war facilities in the sum of $90,903.96.
The Commissioner of Internal Revenue in adjusting the company’s tax for the year 1919 refused to allow as a deduction for amortization in that year any part of the balance of $90,903.96, except so much of it as was allowed as amortization for 1919; that is to say, he declined to spread the balance of the amortization remaining uncreclited for the year 1918 over the year 1919 and to use it as a credit against the 1919 taxes. The one question here is whether this decision of the Commissioner of Internal Revenue should be ujrheld.
The question depends upon the construction of the statute involved, section 234 (a) (8) of the revenue act of 1918, heretofore cited. While the Commissioner of Internal Revenue has authority to make regulations which are reasonable and not in conflict with the purpose and intent of the statute, he has no authority to extend or limit the statute *653 by regulation, and if the language of the statute is plain, unambiguous, and comprehensive, the regulation must conform to it. The construction of the department, where there is no ambiguity, will be disregarded. Houghton v. Payne, 194 U. S. 88, and Iselin v. United States, 270 U. S. 245.
The language of section 234 (a) (8) as to amortization is in substance that in the case of buildings and other things erected or acquired after April 6, 1917, for the production of articles contributing to the prosecution of the war, and in the case of vessels constructed or acquired for the transportation of articles or men for the same purpose—
“ * * * there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the-taxpayer.”
The act further provides that at any time within three years after the termination of the war the commissioner shall, at the request of the taxpayer, reexamine any return, and if he finds that the deduction allowed for amortization is incorrect, the amount of the tax due can be redetermined, and in the event the tax has been overpaid, the amount so found shall be credited or refunded to the taxpayer.
It will be observed that there is no limitation as to the years or periods within which the ascertained amortization shall be used as a credit. If the amortization provided for in the statute has been' determined by the commissioner, the statute provides that said amount shall be allowed “ as a deduction in computing net income.”' -There is no ambiguity about this language. It is simple, direct, and clear. It in effect gives the taxpayer the right to have the sums allowed as amortization deducted, which means that he shall be entitled to a credit on taxes due the Government to the extent of this allowance, and that he can have his taxes found due the Government paid by a credit on this allowance until the allowance is exhausted.
This provision as to amortization is general in terms and unambiguous and mandatory, for the act says “shall be allowed ”; and so should not be limited or restricted in application, expressly or by implication, or confined to any *654 period, i. e., one year or two years, or a war year or a peace year.
It is a remedial statute, evidently intended to afford relief from abnormal conditions incident to the prosecution of the war, and should be liberally construed to effectuate, in accord with its spirit, the remedy which it was intended to afford. When a privilege or concession is granted, as in this statute, it is the duty of the court to give the largest and broadest construction in favor of the concession which the language used will allow in order to afford the relief which the context indicates was intended. The evident purpose of the statute was to enable taxpayers of the class named who had incurred excess cost over pre-war or normal times to apply such ascertained excess in reducing income reported for taxation, and to relieve the taxpayers from this income tax until said excess had been absorbed. They were thus placed on an equal footing with those who had constructed their plants prior to the war or under normal conditions.
Therefore, until the whole of the amount of ascertained amortization has been allowed the purposes and conditions of the statute have not been fulfilled, and not to fulfill them by limiting them in any way is to defeat the purpose of the act.
Without extending the discussion, it is evident from the facts that this affords a strong case for relief from the ruling of the commissioner. There is no question about the amount allowable as amortization. It is $254,407.19. Nor is there any dispute that of this sum $160,821.76 was allowed as a credit to the company in full payment for its tax for the year 1918, and that of the remaining sum only $2,681.47 was allowed as a credit on its income for the year 1919, leaving of the ascertained amount of amortization uncredited to it the sum of $90,903.96, which the commissioner refused to credit on its income for 1919.
The plaintiff is entitled to a credit of the balance of said amortization remaining from the settlement of the company’s taxes for 1918, on its 1919 taxes, in the sum of *655 amount claimed by plaintiff.
SiNNott, Judge; GreeN, Judge; Moss' Judge; and Booth, Chief Justice, concur.

 Sec. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:
* * * * * * *
(8) In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the ease of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, *652 there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous acts of Congress as a deduction in computing net income. At any time within three years after the termination of the present war the commissioner may, and at the request of the taxpayer shall, reexamine the return, and if he then finds as a result of an appraisal or from other evidence that the deduction originally allowed was incorrect, the taxes imposed by this title and by Title III for the year or years affected shall be redetermined and the amount of tax due upon such redetermination, if any, shall be paid upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.